Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**HYDE & SWIGART APC**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Attorneys for Plaintiff on Signature Page]

*Attorneys for Plaintiff,*
*Valorie Moser*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VALORIE MOSER, individually and on behalf of others similarly situated,**<br><br>    **Plaintiffs,**<br>**v.**<br><br>**ZOTEC PARTNERS, LLC,**<br><br>    **Defendant.** | **Case No:** '17 CV 2557 AJB MDD<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br> 1. **FAIR DEBT COLLECTION PRACTICES ACT, U.S.C. § 1692 ET SEQ.**<br> 2. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE §§ 1788-1788.32; AND**<br><br>**JURY TRIAL DEMANDED** |

1

Complaint for Damages

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Valorie Moser, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Zotec Partners, LLC ("Defendant" or "Zotec"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

2

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. While many violations are described here with specificity, this Complaint alleges violations of the FDCPA and Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA" or the "Rosenthal Act") in their entirety.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

8. All violations alleged regarding the FDCPA and RFDCPA are material violations of the FDCPA and RFDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

9. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of Defendant, with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

10. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

11. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

12. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

13. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

3

**JURISDICTION AND VENUE**

14.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

15.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and California's Rosenthal Act.

16.  Because Defendant does business within the State of California, personal jurisdiction is established.

17.  Venue is proper pursuant to 28 U.S.C. § 1391 because Plaintiff resides within this judicial districts, and the unlawful debt collection practices took place in this judicial district.

18.  At all times relevant, Defendant conducted business within the State of California.

**PARTIES**

19.  Plaintiff is a natural person who resides in the City of San Diego, State of California.

20.  Plaintiff is informed and believes, and thereon alleges, that Zotec Partners, LLC is, and at all times mentioned herein was, an Indiana limited liability company with its principal place of business located in Indiana.

21.  Defendant engages in a variety of collection practices behalf of medical providers with respect to delinquent medical debts.

22.  Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

23.  Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was alleged to be due and owing, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

24.  Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed

or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

25.   Defendant in the ordinary course of business, regularly, on behalf of themselves, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

26.   This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

27.   Sometime before December 2016, Plaintiff is alleged to have incurred certain financial obligations to Imaging Healthcare Specialists for personal medical services.

28.   These financial obligations were for personal purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

29.   Sometime thereafter, Plaintiff allegedly fell behind in the payments owed on the debt.  As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this debt.

30.   The debt owed to Imaging Healthcare Specialists was later sold, transferred, or assigned to Defendant for collection.

31.   On or around December 28, 2016, Defendant called Plaintiff using an automated robot voice and left a voice message saying "Hello, this message is for Valorie on behalf of Imaging Healthcare Specialists.  We request your immediate attention, as this will be our final attempt to reach you before your account 913515 is reviewed for possible referral to a licensed collection agency.  Please disregard if payment has been made, however, if you have not made a payment, please contact us immediately to resolve your outstanding balance.  You may

pay online at our website www.ezmedinfo.com/irad or contact us immediately at 1-844-828-5838 during normal business hours.  Again, for your convenience, you may pay online at our website at www.ezmedinfo.com/irad or call us at1-844-828-5838 during normal business hours.  Please reference your account number 913515. Thank you."   After the message played once, it immediately replayed the exact same message.

32.    The website www.ezmedinfo.com/irad belongs to Defendant.

33.    Defendant fails to disclose on its website and to the consumers during its attempts to collect a debt that it is a debt collector.

34.    Defendant's call on December 28, 2016, to Plaintiff's telephone came from the telephone number 844-828-5838.

35.    Defendant's automated message never disclosed that the call came from Zotec or directly disclosed the call was an attempt to collect a debt.  Plaintiff was unsure of the caller's identity because Defendant did not meaningfully disclose its identity in the voice message.

36.    Defendant communicated with Plaintiff without including the "mini-miranda" warnings saying the communication was from a debt collector and any information obtained would be used for that purpose.

37.    Through this conduct, Defendant violated 15 U.S.C. § 1692d(6) by failing to meaningfully disclose the caller's identity.  This section is incorporated into the RFDCPA through Cal. Civ. Code 1788.17; thus, Defendant also violated Cal. Civ. Code 1788.17.

38.    Through this conduct, Defendant violated 15 U.S.C. § 1692e(11) by failing to state that its communication was in attempt to collect a debt and that Defendant was a debt collector.

39.    Defendant's collection practices are especially egregious and unfair because Defendant fails to place debtors on notice as to its intentions and nature of its practices.

6

40. The FDCPA and RFDCPA set certain boundaries and requirements by which debt collectors must operate.

41. When debt collectors leave a voice messages for debtors, they must disclose their identity in clear and unambiguous manner, identify themselves as debt collectors, and state that their call was in attempt to collect a debt under 15 U.S.C. § 1692e, 1692e(10), 1692e(11), 1692d, and 1692d(6).

42. As a direct and proximate result, Plaintiff suffered damages because Plaintiff was misled regarding Defendant's identity and the nature of Defendant's communications.

43. As a direct and proximate result of Defendant's unlawful practices, Plaintiff suffered frustration, anxiety, mental anguish, and embarrassment.

### CAUSES OF ACTION

### CLASS ACTION ALLEGATIONS

44. Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated (the "Class").

45. Plaintiff represents, and is a member of the Class, defined as follows:

   • All persons with an address in California; (i) who received telephonic voice messages (automated or otherwise) from Defendant in connection with an attempt to collect a debt, in which Defendant (ii) did not meaningfully disclose its identity; (iii) or did not disclose that the caller was attempting to collect a debt; (iv) at any time one year prior to the date of the filing of this action.

46. Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

47. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact

common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

(1) Whether Defendant's voice messages violated the FDCPA;

(2) Whether Defendant's voice messages violated the RFDCPA;

(3) Whether members of the Class are entitled to the remedies under the FDCPA;

(4) Whether members of the Class are entitled to the remedies under the RFDCPA;

(5) Whether members of the Class are entitled to declaratory relief pursuant to the FDCPA;

(6) Whether members of the Class are entitled to declaratory relief pursuant to the RFDCPA;

(7) Whether members of the Class are entitled to injunctive relief pursuant to the FDCPA;

(8) Whether members of the Class are entitled to injunctive relief pursuant to the RFDCPA;

(9) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

(10) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDCPA;

(11) Whether Defendant can satisfy the bona fide error affirmative defense pursuant to the FDCPA; and

(12) Whether Defendant can satisfy the bona fide error affirmative defense pursuant to the RFDCPA.

40.   As a person that received at least one written communication from Defendant in violation of Federal and State fair debt collection laws, Plaintiff is asserting claims that are typical of the Class.

41.   Plaintiff will fairly and adequately protect the interests of the Class.

42. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

43. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

44. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with California law.  The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA and/or are $1,000.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

45. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Class as a whole.

46. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

47. Plaintiff requests certification of a hybrid class for monetary damages and injunctive relief.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

48.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

49. Because Defendant services the accounts of the Class members and was not the original creditor, Defendant is considered a "debt collector" for purposes of the FDCPA.

50. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

51.  Defendant failed to disclose that the calls to Plaintiff and the Class were an

attempt to collect a debt and that any information obtained will be used for that purpose in violation of 15 U.S.C. § 1692e(11) which states that the following conduct is a violation of this section:

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action."

52.   Defendant but failed to meaningfully disclose its identity in violation of 15 U.S.C. § 1692d(6) which states that the following conduct is a violation of this section:

> "…the placement of telephone calls without meaningful disclosure of the caller's identity."

53.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

54.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

55.   The RFDCPA, Cal. Civ. Code § 1788 et seq, prohibits unfair and deceptive acts and practices in the collection of consumer debts.

56.   Defendant attempted to collect the debt and, as such, engaged in "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

Complaint for Damages

57. Defendant in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

58. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code § 1788-1788.32.

59. Defendant placed calls without disclosing its identity in violation of Cal. Civ. Code § 1788.11(b) which says that a debt collector shall not attempt to collect a consumer debt by means of:

> "Placing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents."

60. Defendant's calls were also in violation of Cal. Civ. Code 1788.17 through incorporation of 15 U.S.C. § 1692e, 1692e(10), 1692e(11), 1692d, and 1692d(6).

61. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class members pray for judgment as follows against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- Provide such further relief as may be just and proper.

11

Complaint for Damages

In addition, Plaintiff and the Class members pray for further judgment as follows against Defendant:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).
- Any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

Date: December 22, 2017

By: s/Abbas Kazerounian, Esq.
Abbas Kazerounian, Esq.
ak@kazlg.com
*Attorney for Plaintiff*

Additional Attorney for Plaintiff:

Daniel G. Shay, Esq. (SBN: 250548)
danielshay@tcpafdcpa.com
**LAW OFFICE OF DANIEL G. SHAY**
409 Camino Del Rio South, Ste 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

12